IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALDEN HARMEN CHEE,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | ORDER AND MEMORANDUM<br><br>DECISION<br><br><br><br>Civil Case No. 2:10-CV-7 TC<br><br>Criminal Case No. 2:05-CR-773 TC |

Mr. Alden Harmen Chee has filed a petition under 28 U.S.C. § 2255.[1] Mr. Chee was found guilty of Aggravated Sexual Abuse While Within Indian Country on October 4, 2006.

The court sentenced Mr. Chee on March 1, 2007, to 253 months imprisonment and a life term of supervised release.

Mr. Chee filed a notice of appeal on March 7, 2007. The Tenth Circuit Court of Appeals affirmed Mr. Chee's conviction on February 20, 2008. Mr. Chee did not file a petition for a writ of *certiorari*. On January 4, 2010, Mr. Chee filed his petition to vacate.

Mr. Chee's § 2255 petition must be denied because it is time-barred. For purposes of a petition under § 2255, if a prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a *certiorari* petition expires. In this case, the one-year limitation period began

---

[1] Because the record in this case conclusively shows that Mr. Chee is not entitled to relief, the court has decided the matter without a hearing.

to run on May 20, 2008, ninety days after the Tenth Circuit Court of Appeals affirmed the conviction. See United States of America v. Gale F. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000). Therefore, for his petition to be timely, Mr. Chee's § 2255 petition had to be filed no later than May 20, 2009. Mr. Chee filed his § 2255 petition on January 4, 2010[2]. Consequently, his §2255 petition is time-barred.

## ORDER

For the foregoing reason, the § 2255 petition is DENIED.

DATED this 13th day of January, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[2] Mr. Chee's petition is dated December 30, 2009, but was not received by the court until January 4, 2010. The 4-day difference between the date Mr. Chee signed his petition and the date it was docketed by the court is of no consequence since the petition is more than seven months late.